# WHITAKER

*v.*

# THE MIDDLE STATES LOAN, BUILDING AND CONSTRUCTION COMPANY OF HAGERS-TOWN, MARYLAND.

EQUITY PLEADING AND PRACTICE; MORTGAGES; HUSBAND AND WIFE; REFERENCE TO AUDITOR.

1. Where deeds form a part of the recitals of an equity case, or are mere matters of inducement, it is sufficient to describe them substantially in the bill of complaint; but when not so described, or the case turns upon the construction to be given an instrument, the original or a copy should be filed as an exhibit; *following* Cammack *v*. Carpenter, 3 App. D. C. 219.

2. But where deeds are not so attached to a bill of complaint as exhibits, but copies are subsequently and before hearing filed in the cause at the request of the lower court without objection by the defendant, such course, though irregular, will on appeal be regarded as equivalent to an amendment of the bill in that regard.

3. The mortgagee in a mortgage of land in this District, with power of sale, cannot purchase at his own sale; but can maintain a bill to foreclose.

4. Where an answer to a bill in equity is incomplete or evasive, it may be excepted to for that reason, but it cannot be ignored or treated as an admission of the allegations of the bill.

5. Where a decree for complainant was passed on the pleadings in a suit against husband and wife to foreclose a mortgage of land alleged in the bill to be the separate estate of the wife, which allegation was denied in the answers, the decree was *reversed* and the cause remanded for further proceedings in order that the character of the wife's estate might be fully presented by amendment or proof.

6. When a mortgage of land lying partly in Maryland and partly in this District is sought to be foreclosed here so far as the land situate here is concerned, the proceeds of a foreclosure sale, if one has been had, of the Maryland land, will be ascertained and credited before foreclosure upon the land here. If no foreclosure has been had in Maryland then the mortgagee will be entitled to foreclosure for the whole amount of his debt upon the land here.

7. In a proceeding to foreclose a mortgage the court may either on the hearing or by reference to the auditor ascertain the amount due thereon; and the reference to the auditor is a matter of discretion; *following* Insurance Co. *v.* Taylor, 1 App. D. C. 209.

No. 496.  Submitted October 21, 1895.  Decided November 11, 1895.

HEARING on an appeal by the defendants from a decree in a suit to foreclose a mortgage and to quiet title. *Reversed.*

The COURT in its opinion stated the case as follows :

This is an appeal from a decree of foreclosure of a mortgage with power of sale. The amended bill of the appellee, the Middle States Loan, Building and Construction Company of Hagerstown, Maryland, filed against appellants, Laura S. Whitaker and Grenville S. Whitaker, who were defendants below, alleged in substance : That on August 5, 1891, one Marcia Swormstedt and husband conveyed to defendant, Laura S. Whitaker, lot 2, subdivision 11, Takoma Park, and on August 2, 1892, the Takoma Park Loan and Trust Co. conveyed to her lot 1, block 77, in Lewis & Heaton's subdivision of Takoma Park ; the deeds to which were described and referred to as of record, and asked to be taken as parts of, but were not actually attached or filed as exhibits to, the bill ; that on July 2, 1892, said Laura S. Whitaker, joined by her husband, conveyed to trustees the lands aforesaid, to secure a debt of $4,100 to one Anna L. Amos, bearing six per cent. interest ; that on May 10, 1893, said Laura S. Whitaker made an application to complainant for a loan of $5,000, to be secured by bond and mortgage upon said real estate, which she described therein as her separate estate, stating the purpose of the loan to be to remove the incumbrance of $4,100 and to improve ; that she became a member of said company, and subscribed to 100 shares of its stock for the purpose of obtaining said loan, which was made to her. She executed a bond for the said loan, agreeing to pay the same, with monthly dues, taxes, &c., as required by the

rules of the company, and also a mortgage upon the said lands to secure the said loan.    In this mortgage she was joined by her husband.    It and the bond contained a stipulation to the effect that if default were made in the payment of taxes, insurance premiums, monthly interest and monthly payments on stock, and so forth, and continued in for six months, then, at the option of complainant, the whole indebtedness should mature and at once become due and collectible as provided.    That the said mortgage was made directly to complainant without the interposition of trustees, and authorized it, in case of default of the grantors in the premises, to sell the said real estate at public auction. That said Laura S. Whitaker made default, failing to pay any part of the monthly interest, dues, &c., as provided in her bond, and continued in default for more than six months, until, to wit, September 8, 1894, at which time her indebtedness to complainant amounted to $5,800.    That complainant in due form advertised said property, as required in the mortgage, and at the sale bid the sum of $4,500 therefor, which was the highest offer made, and the best sum that could be obtained at that time.    That a small part of said land is situated in Maryland, and the greater part in the District of Columbia, and that as to that part in the District the title is clouded by the equity of redemption outstanding in said Laura S. Whitaker, which will affect the sale of the same and depreciate its value, and so forth. The prayers of the bill are, that a decree may be passed ratifying and confirming said sale and quieting the title thereunder ; or else appointing a trustee to execute a title to complainant, under the purchase at said sale, quitclaiming all interest and title of said defendants and all persons claiming under them ; or that the equity of redemption be foreclosed and barred on all the land in the District within a time to be fixed by the court; or else that trustees may be appointed to resell the said land ; that an account be taken of the sums due under the mortgage, and the same be paid out of the proceeds.

The copy of the mortgage attached as an exhibit to the bill shows that the execution of the same by the wife was acknowledged before a notary public, but not with an examination privily and apart from her said husband.

Laura S. Whitaker answered the bill under oath, and therein alleged that " none of the said properties were conveyed to her as her separate estate, or intended to be such separate estate, nor were either of them bought with her money, nor are either of them her " separate estate as provided for and named in the statutes in force in the District of Columbia." She then alleged that the title to lot 2, block 11, was acquired by exchange with said Marcia Swormstedt of property that belonged to said Grenville A. Whitaker, defendant's husband ; and that the title to said lot 1, block 77, was acquired with money realized from a lien placed on the same and on the lot conveyed to Swormstedt in exchange. She further charged that the land records do not show the property to be her sole and separate estate, and that she is not bound by the terms of the mortgage, and said : " That she never did have any sole and separate estate, and none of the contracts, agreements or conveyances referred to in said bill were made by her in reference to any such sole and separate estate as provided for in the statutes of said District." The answer of the husband is, on these points, substantially similar to the wife's.

The cause came on to be heard, as recited in the decree, " upon all the pleadings, amended bill, pleas, demurrers and answers thereto, together with the deeds [describing them as referred to in the bill], copies of which deeds were furnished at the request of the court, and are now on file in the cause, and also the mortgage deed to the complainant, annexed as an exhibit to the original bill." The court being of opinion, it seems, that a mortgagee could not, in this jurisdiction, make a sale and conveyance to himself, passed a decree appointing a trustee and directing him to sell that part of the land lying in the District,

in accordance with the terms of the mortgage, make title to the purchaser, and report proceedings to the court. From this decree the defendants have appealed.

*Mr. J. Vance Lewis* for the appellants.

*Mr. Leigh Robinson* and *Mr. H. Kyd Douglas* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. We have had occasion heretofore to condemn the practice of referring in the pleadings to the records of deeds and mortgages with a view to making them parts thereof, without annexing and filing copies as exhibits. *Cammack* v. *Carpenter*, 3 App. D. C. 219, 226. In that case it was said by the Chief Justice: " A mere reference to records or the registry of deeds, existing independently of the record of the particular cause, cannot be considered as bringing such records or deeds before the court and making them parts of the bill. The record of each case must be complete of itself."

Where deeds and conveyances form a part of the recitals of a case, or are mere matters of inducement, it will be sufficient to describe them substantially in the bill or answer ; but when this is not done, or the case turns, in whole or in part, upon the construction to be given to an instrument of writing, the original, or a copy, should be filed as an exhibit. The deeds in this case, however, are in the record, copies having been filed at the request of the court, and considered at the hearing. This, though done in an irregular way, was not objected to at the time, and, for the purposes of this appeal, must be regarded as substantially equivalent to an amendment of the bill in that regard.

2. The bill was not subject to demurrer on account of the relief sought. The mortgage was prepared in Maryland, and covered land lying partly in that State and partly

in the District of Columbia. By virtue of a statute of Maryland, the mortgagee in a mortgage with power of sale can purchase at his own sale, and a simple method is provided for the making of title.

There is no such statute in this District, and the rule remains as it prevailed in Maryland before the enactment of her statute. Therefore, the court did not err in entertaining the bill, nor in holding the sale irregular, and that it was competent to appoint a trustee to execute the powers conferred on the mortgagee.

3. The chief point of appellant's contention is that the case having been submitted " upon bill, answers, pleas and demurrers," the complainant was not entitled to a decree because the facts alleged in the answers should have been considered as admitted and taken as true. The general rule is, of course, that upon such submission all matters of defence substantially alleged, must be taken as true. And where an answer is incomplete, or evasive, it may be excepted to for that reason, but it cannot be ignored or treated as an admission of the allegations of the bill. *Young* v. *Grundy*, 6 Cranch, 51 ; *Brown* v. *Pierce*, 7 Wall. 205, 211.

Whilst not denying the general rule as to the ordinary effect of an answer, the appellee contends, that, as the bill is founded on an instrument under seal, the recitals of which, repeated in the bill, substantially declare that the lands are the separate estate of the said Laura S. Whitaker, and also that the same thing appears in the deeds referred to in the bill as conveying the title to her, she is therefore estopped to deny these facts by any character of answer or plea short of *non est factum.* It is further contended, also, that if the answer is to be regarded as a denial of the existence of a statutory separate estate in the wife, because the land is made to appear, in reality, as a gift from the husband, it nevertheless shows that it is her equitable separate estate, and subject, as such, to the lien of the mortgage, regarded as a contract that she had the right to make concerning it, or for its separate benefit.

It may be that, under all the facts and circumstances of the transaction, Laura S. Whitaker and her husband would be estopped to deny that the property described in the mortgage is her statutory separate estate ; or that, failing this, the lien may, nevertheless, be enforced against it as her equitable separate estate.    But we do not think it proper, much less necessary, to decide either of these questions upon the record before us.    They are too important and serious in their consequences to be determined save upon the fullest consideration in the light of all the facts and circumstances of the transaction.

It is quite evident that the bill was prepared upon the theory that the land was the separate estate of the wife, which, under the statute, she had the right to convey without a privy examination upon the acknowledgement of her signature, and with no special reference to her defences.

The allegations are general that she held the property under certain described conveyances as her separate estate. And it is true that the legal effect of those conveyances, unexplained, was to constitute the property her separate estate under the terms of the statute.    The answers did not deny that these deeds were made and delivered to the wife, but did, in express terms, deny that their consideration was paid by the wife or with her money, and that they were intended to create a separate estate in her.    They alleged further that the land was in fact derived through the husband, and had been conveyed to her in exchange for other lands belonging to him, which he had, at the same time, conveyed to her grantors.    There are some other general allegations to the same effect.    If these allegations be true, and the defendants are not estopped to make and rely upon them, a court of equity, looking to the substance of the transactions between defendants and the grantors of the wife, would be constrained to hold that those lands had not been " acquired during marriage in any other way than by gift or conveyance from her husband," and did not, therefore, become her separate estate

within the terms of the statute. R. S. D. C., sec. 727.
That which could not be done directly could not be accom-
plished, as between the parties, by indirection. Complain-
ant stood to its bill, after the answers were filed, without
amendment. We do not think that this bill comprehended
an anticipation of the defences aforesaid, through the claim
of estoppel now urged in support of. the decree. There
are, it is true, some general allegations which tend to sup-
port the theory of the estoppel, but we cannot regard them
as sufficient to present the issue in a manner proper for
decision.

With respect to the second point of the contention, there
is still less ground for treating the question of the right to
subject the property to the lien of the contract as being
the wife's equitable separate estate, as presented in a man-
ner requiring determination. It is in conflict with the whole
scheme of the bill, for it proceeds exclusively upon the
idea that the land is the wife's statutory or legal separate
estate. There is no allegation warranting relief on this
ground, and the question arises wholly, by way of infer-
ence, from the facts alleged in the answer in bar of the re-
lief prayed in the bill. The decree ought therefore to be
reversed, and the cause remanded for further proceedings
wherein, through amendment of the pleadings, and through
proof if necessary, the questions aforesaid may be fairly
and fully presented for determination.

4. There is another question in the record which, though
not material to the disposition of the case on this appeal,
may become of some practical importance should the final
decree be in favor of the complainant, and we will briefly
consider it. As has been heretofore remarked, a part of
the mortgaged land lies in the State of Maryland. What
proportion its value bears to the remainder that lies in the
District does not appear. The bill charges that in a sale
made by complainant at public auction, on the premises,
the whole tract was sold on a bid of $4,500, made by com-
plainant. It does not appear whether the part lying in the

District was sold separately from that lying in Maryland; presumably it was not. If the whole sale be avoided and held for naught, then there would be no occasion for a reference to the auditor to ascertain the amount and disposition of the proceeds arising from the sale of the Maryland portion. We have heretofore held that in a proceeding to foreclose, the court may, either on the hearing, or through reference to the auditor, ascertain the amount due. The reference to the auditor is a matter of discretion. *Girard Life Ins. Co.* v. *Taylor,* 1 App. D. C. 209, 217.

If it should transpire that the Maryland part has been lawfully sold, then, necessarily, the net proceeds of such sale should be ascertained and credited before foreclosure upon the part in the District. If not so sold, then, on the other hand, complainant would be entitled to foreclosure for the whole amount of its debt, interest and costs, upon the land lying within the District.

For the error pointed out above the decree *will be reversed, with costs to the appellants, and the cause remanded for further proceedings not inconsistent with this opinion.*